**WO**                                                                                                    BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jay Pember, | ) | No. CV 05-1412-PHX-SMM (BPV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Dora Schrivo, et al., | ) | |
| Defendants. | ) | |

Plaintiff Jay Pember, currently confined in the Maricopa County Fourth Avenue Jail in Buckeye, Arizona, has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court orders that the action be served on Defendants Schwartz and Yielding, and that the remaining claims and Defendants be dismissed without prejudice.

**A.   Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he

**TERMPSREF**

1 must pay the remaining unpaid amount of the filing fee within 120 days of the date of his 2 release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of 3 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why 4 he is unable to pay the remainder of the filing fee.

**B.    Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**C.    Complaint.**

Plaintiff names as Defendants: (1) Dora Schrivo, Director of the Arizona Department of Corrections, (2) Deputy Warden Edwards, (3) Myers, counsel at the Central Office in Phoenix, (4) Captain Conger, (5) Captain Yielding, (6) Sergeant Lopez, (7) Correctional Officer Schwartz, and (8) Unnamed John Does. Plaintiff alleges the following causes of action.

*Count I*

Plaintiff alleges that while he was eating dinner in the chow hall, Department of Corrections ("DOC") staff released a chemical agent. As a result, Plaintiff was forced to leave the chow hall, and upon his exit he was fired upon by an officer in the gun tower. Plaintiff then was verbally assaulted, sprayed with a chemical agent, and shoved against a fence. Plaintiff further alleges that he subsequently was falsely charged and sentenced to administrative segregation, where he has remained for the last 15 months. Plaintiff alleges that the DOC staff provoked the incident and abused the prisoners, and then falsely charged many of the prisoners to cover up their actions.

*Count II*

Plaintiff alleges that after he exited the chow hall, Defendant Schwartz sprayed him

in the face with a chemical agent and shoved him against the fence. Plaintiff further alleges that another unknown person sprayed him a second time and as he was lying in the dirt handcuffed, Defendant Yielding placed his foot in Plaintiff's ribs, asked him if he liked the pepper spray, and threatened to continue to abuse him after Plaintiff did a couple years in segregation. Plaintiff also alleges that the officer in the gun tower shot into the group of prisoners, injuring him.

*Count III*

Plaintiff alleges that he was improperly convicted of assaulting a staff member and that during the disciplinary hearing, Defendant Conger denied him any opportunity to answer the charges. In particular, Defendant Conger refused to listen to Plaintiff's claims of innocence and refused to consider the photographic evidence Plaintiff presented on his behalf.

*Count IV*

Plaintiff alleges that Defendants Schwartz and Yielding filed a false disciplinary report and witness statement against Plaintiff. As a result, he was found guilty at the disciplinary hearing and suffered a loss of good time credit and was sentenced to administrative segregation (where he has remained for the last fifteen months).

*Count V*

Plaintiff alleges that Defendants Schrivo, Edwards, and Myers were notified through the disciplinary appeal of the false charges against Plaintiff, the denial of due process, and Plaintiff's claim of innocence, but disregarded Plaintiff's claims. Plaintiff alleges that the officials should have recognized and corrected these violations.

*Count VI*

Plaintiff alleges that the parties conspired to "'obstruct' the due course of 'justice'" because they were aware of his innocence and intentionally withheld evidence and conspired to find him guilty of the charges against him. In particular, Plaintiff contends that the DOC staff conspired against Plaintiff when they positively identified him on the video as the person assaulting Defendant Schwartz.

1  Plaintiff requests a reversal of the disciplinary sanctions and monetary damages.

2  **D.     Failure to State a Claim.**

3  *1.     Disciplinary Procedures*

4  A claim may not be brought in a § 1983 action if "the nature of the challenge to the procedures [used in a disciplinary hearing] could be such as necessarily to imply the invalidity of the [decision]." Edwards v. Balisok, 520 U.S. 641, 645 (1997). If a judgment in favor of Plaintiff regarding denial of due process would invalidate deprivation of good time credits, the claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994), unless plaintiff can show the outcome of the proceeding has been overturned. Edwards, 520 U.S. at 647-48.

In Counts III, IV, V, and VI, Plaintiff alleges that Defendants Schwartz and Yielding filed false reports and statements against him, Defendant Conger refused to allow him to introduce favorable evidence and argue his case, Defendants Schrivo, Edwards, and Myers refused to reverse the disciplinary result, and all the parties conspired to convict him. Plaintiff contends that as a result of these actions, Plaintiff lost good time credits and was placed in administrative segregation for at least 15 months. A judgment as to Counts III, IV, V, VI would invalidate the results of the disciplinary hearing in which Plaintiff lost good time credit. As a result, Counts III, IV, V, and VI are not cognizable in a § 1983 action and will be dismissed.

*2.     Count I*

To state a valid constitutional claim, a plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and the conduct of the defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

In Count I, Plaintiff alleges that DOC staff released a chemical agent in the chow hall, verbally assaulted him, and shoved him into a fence. The DOC staff then falsely charged him and sentenced him for assaulting a correctional official. Plaintiff does not allege that any specific Defendant did any action as set forth in Count I. Thus, to the extent Plaintiff is

1 alleging that a Defendant used excessive force against him, he must specify the individual 2 who used the force.  However, to the extent Plaintiff is challenging the disciplinary 3 procedures, as discussed above, Plaintiff's challenge is barred under Heck.

4      *3.*     *Defendants*

5 Plaintiff fails to allege any facts as to how Defendant Lopez allegedly violated his 6 constitutional rights.  Accordingly, Defendant Lopez will be dismissed from this action.  As 7 stated above, Plaintiff fails to set forth a cognizable action against Defendants Schrivo, 8 Edwards, Myers, or Conger.  Accordingly, those Defendants will be dismissed from this 9 action.

10 **E.**     **Claims For Which An Answer Will be Required.**

11 Plaintiff sufficiently alleges that Defendants Schwartz, Yielding, an unknown officer 12 outside the chow hall, and an unknown officer in the gun tower used excessive force against 13 him.  Defendants Schwartz and Yielding will be required to answer Count II.

14 Plaintiff, however, has not named all of the Defendants who committed excessive 15 force against him.  Instead, he has named unknown "John Does."  Generally, the use of 16 anonymous type appellations to identify defendants is not favored.  Rule 10(a) of the Federal 17 Rules of Civil Procedure requires the plaintiff to include the names of the parties in the 18 action.  As a practical matter, it is impossible in most instances for the United States Marshal 19 or his designee to serve a summons and complaint or amended complaint upon an 20 anonymous defendant.

21 The Ninth Circuit has held that where identity is unknown prior to the filing of a 22 complaint, the plaintiff should be given an opportunity through discovery to identify the 23 unknown defendants, unless it is clear that discovery would not uncover the identities, or that 24 the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 25 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  26 Plaintiff may use the discovery processes to obtain the names of the persons whom he 27 believes violated his constitutional rights.  If Plaintiff discovers the true identity of these 28 fictitious parties through the discovery process, or otherwise, he may seek leave of the Court

to amend his complaint to name the individuals in place of Defendants John Doe.

**F.     Warning of Possible Dismissal Pursuant to Rule 41.**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating a district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 1) is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed no initial partial filing fee. All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) Counts I, and III through VI, and Defendants Schrivo, Edwards, Myers, Conger, and Lopez are dismissed without prejudice.

(4) Defendants Schwartz and Yielding will be required to answer Count II.

(5) The Clerk of Court shall send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Schwartz and Yielding.

(6) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on the Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of

Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(8) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

    (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

    (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading shall state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other

motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(14) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(15) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(16) This matter is referred to Magistrate Bernardo P. Velasco pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

DATED this 21st day of October, 2005.

_____
Stephen M. McNamee
Chief United States District Judge

**TERMPSREF**