IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAY LYNN PEMBER,<br><br>    Plaintiff,<br><br>vs.<br><br>DORA SCHRIRO, et al.,<br><br>    Defendant. | No. CV-05-1412-PHX-SMM (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Jay Lynn Pember (Plaintiff), currently confined in the Maricopa County Fourth Avenue Jail in Buckeye, Arizona, filed with the Clerk of the Court on May 11, 2005, a *pro se* "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the two hundred and fifty dollar ($250.00) filing fee, but he has been authorized to proceed *In Forma Pauperis*.

**FAILURE TO SERVE**

On October 21, 2005, the Court entered an order directing the Clerk of the Court to mail a service packet to the Plaintiff, due for return to the Court on November 14, 2005. (Document # 4) The docket indicates the Clerk of Court mailed the order and service packet accordingly. To date Plaintiff has failed to return a completed service packet, or to obtain waiver of service or complete service of the Summons and Complaint on Defendants in this

- 1 -

case.

The order which was mailed to Plaintiff along with the service packet notified Plaintiff that failure to comply with every provision of the order would result in dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Document #4) The order contained provisions which required Plaintiff to return the service packet within 20 days of the date of filing of the order. Plaintiff was further notified that if he failed to comply with the order, the United States Marshal would not provide service of process.

Plaintiff was further notified within the order that he must complete service of the Summons and Complaint on the Defendants within 120 days of the filing date of the complaint or within 60 days of the filing of the order, whichever was later. (Id.) The order notified Plaintiff that failure to comply with either provision would result in dismissal of his case. (Id.)

**FAILURE TO PROSECUTE**

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff's failure to complete service of the Summons and Complaint on the Defendants within 120 days of the filing date of the complaint or within 60 days of the filing of the order constitutes failure to prosecute.

The order required Plaintiff to complete and return a service packet for Defendant to the Court by November 14, 2005. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Furthermore, Plaintiff was warned that his failure to acquire a waiver of service from Defendant or to complete service of process on Defendant within 120 days of the date he filed his complaint, or 60 days from the filing date of that order would result in the dismissal of the complaint. The civil docket in this matter indicates that Plaintiff has failed to acquire a waiver of service from Defendant or to complete service of process on Defendant well beyond both of these deadlines.

1 Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action."  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to serve Defendants, or to actively participate in this case prevents the case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**RECOMMENDATION**

1  Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule 1.17(d)(2),
2 Rules of Practice of the United States District Court, District of Arizona, the Magistrate
3 Judge recommends that the "Civil Rights Complaint By A Prisoner" [Doc. No. 1] and this
4 action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules
5 of Civil Procedure for failure to prosecute.

6  Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within
7 10 days after being served with a copy of this Report and Recommendation.  If objections
8 are not timely filed they may be deemed waived. The parties are advised that any objections
9 filed are to be identified with the following case number: **CV 05-01412-PHX-SMM.**

10  DATED this 27th day of January, 2006.

_____
Bernardo P. Velasco
United States Magistrate Judge

- 4 -